1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LATWAHN McELROY,                        No. CIV S-12-0763-CMK-P

12                    Plaintiff,

13            vs.                             <u>ORDER</u>

14    N. ASAD, et al.,

15                    Defendants.

16    _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

19    § 636© and no other party has been served or appeared in the action.

20            The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1    This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2    84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3    if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4    which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5    allege with at least some degree of particularity overt acts by specific defendants which support

6    the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7    impossible for the court to conduct the screening required by law when the allegations are vague

8    and conclusory.

9              As discussed above, Rule 8 requires a complaint contain a short and plain

10   statement of the claim.   In this case, the complaint consists of a 35-page handwritten document

11   with an accompanying 53 pages of exhibits which purportedly support the factual allegations

12   against the defendants.  This pleading method does not satisfy the requirement of Rule 8(a) that

13   claims must be stated simply, concisely, and directly.  To the contrary, plaintiff's complaint

14   would require the court to comb through nearly 90 pages of documents in order to determine

15   whether plaintiff has stated any claims upon which relief can be granted.  The court is unwilling

16   to do this in part due to limited judicial resources but also because it is for plaintiff – not the

17   court – to formulate his claims in a way that satisfies the rules.   The complaint will be dismissed

18   with leave to amend.  Plaintiff is cautioned that failure to file an amended complaint as directed

19   below may result in dismissal of the action for lack of prosecution and failure to comply with

20   court rules and orders.  See Local Rule 110.

21             Plaintiff seeks the appointment of counsel.  The United States Supreme Court has

22   ruled that district courts lack authority to require counsel to represent indigent prisoners in

23   § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

24   exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

25   28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

26   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional

2

1   circumstances" requires an evaluation of both the likelihood of success on the merits and the

2   ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

3   issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be

4   viewed together before reaching a decision.  See id.

5          In the present case, the court cannot determine whether the required "exceptional

6   circumstances" exist.  In particular, as discussed above, unless and until plaintiff files a

7   complaint which complies with Rule 8, the court cannot determine the likelihood of success on

8   the merits of plaintiff's claims because the court cannot discern what those claims are.  The

9   motion for appointment of counsel will be denied without prejudice to renewal upon the filing of

10  an amended complaint that complies with Rule 8.

11         Finally, plaintiff seeks injunctive relief.  The legal principles applicable to

12  requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are

13  well established.  To prevail, the moving party must show that irreparable injury is likely in the

14  absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)

15  (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior

16  Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable

17  harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City

18  of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a

19  party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable

20  harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an

21  injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at

22  374).  In this case, the court cannot determine the likelihood of success on the merits.  Plaintiff's

23  request for injunctive relief will also be denied without prejudice to renewal upon the filing of an

24  amended complaint that complies with Rule 8.

25  / / /

26  / / /

3

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.    Plaintiff's complaint (Doc. 1) is dismissed with leave to amend;

3          2.    Plaintiff's motion for appointment of counsel (Doc. 5) is denied without

4    prejudice;

5          3.    Plaintiff's motion for injunctive relief (Doc. 4) is denied without

6    prejudice; and

7          4.    Plaintiff shall file an amended complaint within 30 days of the date of this

8    order.

9

10   DATED:  May 2, 2012

11

12                                        CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26