IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, | No. CIV S-12-0763-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| N. ASAD, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

       On May 3, 2012, the court granted plaintiff's request for leave to proceed in forma pauperis (Doc. 3), and directed monthly payments from plaintiff's prison trust account. A further review of the record, however, reveals that plaintiff is ineligible for in forma pauperis status under the Prison Litigation Reform Act ("PLRA"), as is more fully explained below. The May 3, 2012, order will, therefore, be vacated.

/ / /

/ / /

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

In this case, a review of the court's files reflects that plaintiff has three or more prior "strikes" under § 1915(g) which preclude plaintiff being granted in forma pauperis status. These prior "strikes" occurred in the following cases: McElory v. Gebbmedin, et al., 1:08-CV-0124-LJO-GSA; McElroy v. Schultz, et al., 1:08-CV-0179-OWW-MUS; and McElory v. California Dep't of Corr., 2:08-CV-0733-HWG. Because plaintiff has not alleged in the instant action that he is under imminent danger of serious bodily injury, the court must deny leave to proceed in forma pauperis.

When in forma pauperis status is denied or revoked under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply

providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."[1]

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed without prejudice to re-filing with pre-paid filing fees. Plaintiff is cautioned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

/ / /

/ / /

/ / /

---

[1] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed. Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been filed within 30 days of the final judgment being appealed. The Ninth Circuit did not address this problem.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The May 3, 2012, order is vacated;

2. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is denied; and

3. Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed without prejudice.

DATED: August 31, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE