1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 LATWAHN McELROY,                          No. CIV S-12-0763-CMK-P

12            Plaintiff,

13      vs.                                  <u>ORDER</u>

14 N. ASAD, et al.,

15            Defendants.

16 _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

19 § 636(c) and no other party has been served or appeared in the action.

20            On May 3, 2012, the court granted plaintiff's request for leave to proceed in forma

21 pauperis (Doc. 3), and directed monthly payments from plaintiff's prison trust account.  A further

22 review of the record, however, reveals that plaintiff is ineligible for in forma pauperis status

23 under the Prison Litigation Reform Act ("PLRA"), as is more fully explained below.  The May 3,

24 2012, order will, therefore, be vacated.

25 / / /

26 / / /

1

1     The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as

2  follows:

3         In no event shall a prisoner bring a civil action . . . under this
          section if the prisoner has, on three or more prior occasions, while
4         incarcerated or detained . . ., brought an action . . . in a court of the United
          States that was dismissed on the ground that it is frivolous, malicious, or
5         fails to state a claim upon which relief may be granted, unless the prisoner
          is under imminent danger of serious physical injury.
6
          Id.
7

8  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the

9  reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma

10 pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count

11 as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).

12 Where, however, a dismissed habeas action was merely a disguised civil rights action, the district

13 court may conclude that it counts as a "strike."  See id. at n.12.

14     In this case, a review of the court's files reflects that plaintiff has three or more

15 prior "strikes" under § 1915(g) which preclude plaintiff being granted in forma pauperis status.

16 These prior "strikes" occurred in the following cases: McElory v. Gebbmedin, et al., 1:08-CV-

17 0124-LJO-GSA; McElroy v. Schultz, et al., 1:08-CV-0179-OWW-MUS; and McElory v.

18 California Dep't of Corr., 2:08-CV-0733-HWG.  Because plaintiff has not alleged in the instant

19 action that he is under imminent danger of serious bodily injury, the court must deny leave to

20 proceed in forma pauperis.

21     When in forma pauperis status is denied or revoked under § 1915(g), the proper

22 course of action is to dismiss the action without prejudice to re-filing the action upon pre-

23 payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit

24 reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding

25 under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d

26 1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than simply

1    providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the

2    plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the

3    Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

4    that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"

5    provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant

6    an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated

7    that the appellant "may resume this appeal upon prepaying the filing fee."[1]

8         This conclusion is consistent with the conclusions reached in at least three other

9    circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status

10   under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically

11   held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because

12   "[h]e must pay the filing fee at the time he *initiates* the suit."  Id. at 1236 (emphasis in original).

13   The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383

14   (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

15        Plaintiff shall show cause in writing, within 30 days of the date of this order, why

16   this action should not be dismissed without prejudice to re-filing with pre-paid filing fees.

17   Plaintiff is cautioned that failure to respond to this order may result in dismissal of the action for

18   the reasons outlined above, as well as for failure to prosecute and comply with court rules and

19   orders.  See Local Rule 110.

20   / / /

21   / / /

22   / / /

23

24        [1]    It is unclear how the appellant would have been able to "resume" the appeal upon
     pre-payment of the filing fee because appellate filing fees are paid in the district court when the
     notice of appeal is filed.  Had the appellant filed a new notice of appeal with the appropriate
25   filing fee, any such notice of appeal would have been untimely in that it would not have been
     filed within 30 days of the final judgment being appealed.  The Ninth Circuit did not address this
26   problem.

1     Accordingly, IT IS HEREBY ORDERED that:

2          1.     The May 3, 2012, order is vacated;

3          2.     Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is

4 denied; and

5          3.     Plaintiff shall show cause in writing, within 30 days of the date of this

6 order, why this action should not be dismissed without prejudice.

8 DATED:  August 31, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4